Michael Adams (SBN 185835)
madams@rutan.com
Proud Usahacharoenporn (SBN 278204)
pusaha@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>                    Plaintiff,<br><br>            vs.<br><br>SUN CITY TOWING, an entity of unknown form; PAVEL SHIBKIY, an individual; and DOES 1 through 10, Inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1.  **FEDERAL SERVICE MARK INFRINGEMENT [15 U.S.C. § 1114(1)(a) AND (b)];**<br>2.  **FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br>3.  **TRADE NAME OR SERVICE MARK DILUTION [15 U.S.C. § 1125(c)(1)];**<br>4.  **INJURY TO BUSINESS REPUTATION AND DILUTION [CAL. BUS. & PROF. CODE § 14247];**<br>5.  **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

2314/017601-0125
9574880.2 a08/11/16

Rutan & Tucker LLP
attorneys at law

1    Plaintiff American Automobile Association, Inc. (hereinafter "Plaintiff"), for

2   its Complaint against Sun City Towing and Pavel Shibkiy (collectively,

3   "Defendants"), alleges as follows:

4                                **JURISDICTION AND VENUE**

5    1.    This Court has jurisdiction under 28 U.S.C. section 1338(a) as this

6   action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and

7   1125(c)(1), as well as under pendent jurisdiction under 28 U.S.C. section 1367.

8    2.    This Court also has jurisdiction under 28 U.S.C. section 1332 because

9   Plaintiff and Defendants are citizens of different states, and the matter in

10   controversy exceeds $75,000, exclusive of interest and costs.

11    3.    Venue is proper in the Eastern District of California under 28 U.S.C.

12   section 1391(b) and (c) because Defendants reside in this judicial district, a

13   substantial part of the events, omissions and acts that are the subject matter of this

14   action occurred within the Eastern District of California, and Defendants are subject

15   to personal jurisdiction and may be found in this district.

16                                        **PARTIES**

17    4.    Plaintiff is a corporation organized and existing under the laws of the

18   State of Connecticut, located and doing business at 1000 AAA Drive, Heathrow,

19   Florida.

20    5.    On information and belief, defendant Sun City Towing is an entity of

21   unknown form with a principal place of business located at 3408 Hunter Lane,

22   Carmichael, California.

23    6.    On information and belief, defendant Pavel Shibkiy owns and/or

24   operates Sun City Towing, with his address located at 3408 Hunter Lane,

25   Carmichael, California.

26    7.    On information and belief, Plaintiff alleges that each of the defendants

27   named herein as Does 1 through 10, inclusive, performed, participated in, or abetted

28   in some manner, the acts alleged herein, proximately caused the damages alleged

1 below, and are liable to Plaintiff for the damages and relief sought herein.  Does 1

2 through 10 are hereinafter included within the use of the term "Defendants."

3    8.    On information and belief, Plaintiff alleges that, in performing the acts

4 and omissions alleged herein, and at all times relevant hereto, each of the defendants

5 was the agent and employee of each of the other defendants and was at all times

6 acting within the course and scope of such agency and employment with the

7 knowledge and approval of each of the other defendants.

8    9.    The identities of the individuals and entities named as Doe defendants

9 herein are not presently known, but Plaintiff will seek to amend the Complaint to

10 properly identify them when their proper names have been ascertained.

11                              **NATURE OF THE CASE**

12    10.    Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs

13 against Defendants for service mark infringement under 15 U.S.C. section

14 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C.

15 section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business

16 reputation and dilution under California Business and Professions Code section

17 14330; and common law trademark and trade name infringement, and unfair

18 competition.

19                **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

20    11.    Plaintiff is the owner of the famous AAA mark, U.S. service mark

21 Registration No. 0,829,265, used in connection with a number of services, including

22 but not limited to providing emergency road service in International Class 37.  A

23 copy of this registration is attached hereto as Exhibit A.

24    12.    Plaintiff is the owner of the famous AAA mark (stylized logo), U.S.

25 service mark Registration No. 2,158,654, used in connection with a number of

26 services, including but not limited to emergency road services in International Class

27 37.  A copy of this registration is attached hereto as Exhibit B.

28    13.    Plaintiff has been serving motorists under the AAA mark of

Rutan & Tucker LLP
*attorneys at law*

2314/017601-0125
9574880.2 a08/11/16

-3-

1  Registration No. 0,829,265 for more than 100 years.

2      14.    Plaintiff is the owner of numerous other famous registered trademarks
3  incorporating the AAA marks in the United States and throughout the world.

4      15.    Plaintiff, by virtue of the services offered under its AAA marks, is
5  recognized throughout the world as providing emergency road services.

6      16.    At all relevant times hereto, Defendants have been and are in the
7  business of providing emergency road services using the AAA marks or marks
8  confusingly similar to the AAA marks.  Defendants use the AAA marks in
9  conducting and promoting their business, including, without limitation, by
10  displaying such marks on their tow trucks.

11      17.    Defendants are not authorized to use the AAA marks in connection
12  with their goods or services, nor are Defendants affiliated with Plaintiff.

13                        **FIRST CLAIM FOR RELIEF**

14      **(Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b))**

15      18.    Plaintiff repeats and incorporates herein by reference each and every
16  allegation contained in Paragraphs 1 through 17 above, inclusive, as though fully set
17  forth herein.

18      19.    Plaintiff is the owner of a number of federal trademark and service
19  mark registrations that incorporate the AAA marks and specifically asserts
20  ownership of the following:

21      Registration No.    Mark                        Date of Registration
22      0,829,265          AAA                          May 23, 1967
23      2,158,654          AAA (stylized logo)          May 19, 1998

24      20.    Plaintiff first used the AAA mark of Registration No. 0,829,265 in
25  connection with providing emergency road service at least as early as 1916, and first
26  used the AAA (stylized logo) mark of Registration No. 2,158,654 in connection
27  with emergency road services at least as early as 1997.  Plaintiff has continued and
28  expanded use thereof up to the present.  Thus, long before the acts complained of

Rutan & Tucker LLP
attorneys at law

herein, motorists and members of the general consumer population in the United States and across the world have recognized the AAA marks as exclusive source identifiers for emergency road services originating from Plaintiff.  The registration for this AAA mark is incontestable under section 15 of the Lanham Act, 15 U.S.C. section 1065, and constitute conclusive evidence of Plaintiff's exclusive right to use this AAA marks in connection with emergency road services.

21. Plaintiff's registered service marks identified above are valid and subsisting and remain in full force and effect as evidence of the validity thereof and Plaintiff's ownership of the marks in connection with the services specified in the registration.

22. As a result of the long period of use and extensive advertisement and sale of services under the AAA marks, motorists and members of the general consumer population in the United States and across the world recognize the AAA marks as exclusive source identifiers for emergency road services originating from Plaintiff.

23. Defendants' use of the AAA marks in interstate commerce in connection with their goods and services is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the goods and services offered by defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the goods and services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

24. On information and belief, Defendants are now committing the acts complained of above.

25. Defendants' acts and conduct constitute federal service mark infringement that has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake, and deception.

26. On information and belief, Defendants' acts of service mark

1  infringement in violation of the Lanham Act have caused financial injury and

2  damages to Plaintiff and have been willful, making this an exceptional case within

3  the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff

4  to damages, attorneys' fees, and costs.

5    27.   Plaintiff is entitled to damages as a result of Defendants' actions and

6  conduct and, because such damages alone do not provide Plaintiff with an adequate

7  remedy at law, Plaintiff is also entitled to injunctive relief.

8  ## SECOND CLAIM FOR RELIEF

9  **(Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))**

10   28.   Plaintiff repeats and incorporates herein by reference each and every

11  allegation contained in Paragraphs 1 through 27 above, inclusive, as though fully set

12  forth herein.

13   29.   Defendants, either independently or through collaboration with one

14  another, are using the AAA marks in connection with their goods and services.

15   30.   On information and belief, Defendants use the AAA marks in

16  commerce, which use has been done with the deliberate intent of capitalizing and

17  trading on the good will and reputation of Plaintiff.

18   31.   The use in commerce of the AAA marks by Defendants will tend to

19  cause and, on information and belief, has caused the relevant public and trade to

20  believe erroneously that Defendants' services are associated, authorized, sponsored,

21  or controlled by Plaintiff.

22   32.   Defendants' use in commerce of the AAA marks in connection with

23  their goods and services constitutes a false designation of the origin and/or

24  sponsorship of such goods and services and falsely describes and represents such

25  goods and services.

26   33.   By their acts as alleged herein, Defendants have falsely designated and

27  represented goods and services sold in commerce in violation of 15 U.S.C. section

28  1125(a) and have otherwise used the good will of Plaintiff to sell Defendants' own

Rutan & Tucker LLP
attorneys at law

2314/017601-0125
9574880.2 a08/11/16

-6-

1  goods and services and have otherwise competed unfairly with Plaintiff.

2     34.   On information and belief, Defendants are now committing the acts
3  complained of above.

4     35.   Defendants have displayed a willful course of conduct toward
5  appropriation and destruction of Plaintiff's rights in and to the AAA marks.

6     36.   Defendants' wrongful acts and conduct as alleged herein have
7  permitted or will permit them to generate substantial sales and profits on the
8  strength of Plaintiff's substantial advertising, sales, consumer recognition, and good
9  will in connection with the AAA marks.

10    37.   As a result of Defendants' wrongful acts alleged herein, Plaintiff has
11 suffered and will continue to suffer monetary damage in an amount not thus far
12 determined.

13    38.   On information and belief, Defendants' acts of unfair competition by
14 false designation of origin in violation of the Lanham Act have caused financial
15 injury and damages to Plaintiff and have been willful, making this an exceptional
16 case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby
17 entitling Plaintiff to damages, attorneys' fees, and costs.

18    39.   Defendants' acts and conduct constitute unfair competition that has
19 caused and, unless restrained and enjoined by this Court, will continue to cause
20 irreparable harm, damage, and injury to Plaintiff's good will and business
21 reputation.

22    40.   Plaintiff is entitled to damages as a result of Defendants' actions and
23 conduct and, because such damages alone do not provide Plaintiff with an adequate
24 remedy at law, Plaintiff is entitled to injunctive relief.

25                    **THIRD CLAIM FOR RELIEF**
26       **(Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))**

27    41.   Plaintiff repeats and incorporates herein by reference each and every
28 allegation contained in Paragraphs 1 through 40 above, inclusive, as though fully set

1 | forth herein.

2 |     42.   Plaintiff's AAA trade name and service marks were used in commerce
3 | long before Defendants' adoption and use of AAA marks in connection with their
4 | goods and services.

5 |     43.   Plaintiff's AAA trade name and service marks have become famous
6 | because of long, extensive, continuous, and exclusive use by Plaintiff in connection
7 | with emergency road services, such fame occurring long before Defendants'
8 | adoption and use of the AAA marks in connection with their goods and services.

9 |     44.   Defendants use the AAA marks in promoting their goods and services
10 | in the same trade areas and channels of trade in which Plaintiff's AAA trade name
11 | and service marks are recognized and famous.

12 |     45.   On information and belief, Defendants' use of the AAA marks has
13 | lessened the capacity of Plaintiff's famous AAA trade name and service marks to
14 | identify and distinguish Plaintiff's goods and services.

15 |     46.   Defendants' acts and conduct as alleged herein have tarnished the
16 | reputation and recognition of Plaintiff's famous AAA trade name and service marks
17 | by the low quality of Defendants' goods and services.

18 |     47.   On information and belief, Defendants' acts of trade name or service
19 | mark dilution in violation of the Lanham Act have caused financial injury and
20 | damages to Plaintiff and have been willful, making this an exceptional case within
21 | the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff
22 | to damages, attorneys' fees, and costs.

23 |     48.   Plaintiff has no adequate remedy at law and is being irreparably
24 | damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c).
25 | Therefore, Plaintiff is entitled to injunctive relief.

26
27
28

## FOURTH CLAIM FOR RELIEF

### (Injury to Business Reputation and Dilution –

### Cal. Bus. & Prof. Code § 14247)

49.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 48 above, inclusive, as though fully set forth herein.

50.    Plaintiff is the owner of marks that are distinctive and famous in the State of California.

51.    On information and belief, Defendants have used and continue to use the famous AAA marks after the marks became famous, which use dilutes the distinctive quality of Plaintiff's marks.

52.    On information and belief, Defendants' actions described herein were taken and continue to be taken with full knowledge that such actions would and do dilute the AAA marks and with the intention to cause dilution of the marks.

53.    As a result of the actions described herein, Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

54.    Plaintiff has no adequate remedy at law and is being irreparably damaged by Defendants' acts in violation of California Business & Professions Code section 14247.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trade Name and Trademark Infringement,

### and Unfair Competition)

55.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 54 above, inclusive, as though fully set forth herein.

56.    Defendants' actions and conduct as alleged herein constitute unfair

1   competition under California common law.

2        57.   Defendants' actions and conduct in adopting and using the AAA marks

3   in California constitute trademark infringement under California common law.

4        58.   Defendants have caused and, unless restrained and enjoined by this

5   Court, will continue to cause irreparable harm, damage, and injury to Plaintiff,

6   including but not limited to injury to Plaintiff's good will and business reputation.

7        59.   Plaintiff has no adequate remedy at law, and Plaintiff is being

8   irreparably damaged by Defendants' acts in violation of California common law,

9   entitling Plaintiff to injunctive relief.

10       60.   Defendants' actions and conduct as alleged herein are malicious and

11  fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

12                          **PRAYER FOR RELIEF**

13       WHEREFORE, Plaintiff prays for an order and judgment against Defendants,

14  and each of them, as follows:

15       1.    That Defendants, and each of them, their officers, directors, partners,

16  agents, servants, employees, attorneys, confederates, and all persons acting for,

17  with, by, through or under them, and any others within their control or supervision,

18  and all others in active concert or participation with the above, be enjoined during

19  the pendency of this action and permanently thereafter from using the AAA marks

20  or any other name or mark incorporating Plaintiff's service marks, either alone or in

21  combination with other words or symbols, in the marketing, sales, distribution,

22  promotion, advertising, identification, or in any other manner in connection with

23  emergency road services and other related services at any locality in the United

24  States

25       2.    That Defendants, and each of them, their officers, directors, partners,

26  agents, servants, employees, attorneys, confederates, and all persons acting for,

27  with, by, through or under them, and any others within their control or supervision,

28  and all others in active concert or participation with the above, be enjoined during

1  the pendency of this action and permanently thereafter from using the AAA marks
2  or any other name or mark incorporating Plaintiff's service marks in any form or
3  manner that would tend to identify or associate defendants' businesses or services
4  with Plaintiff in the marketing, sale, distribution, promotion, advertising,
5  identification, or in any other manner in connection with any business;

6       3.     That Defendants, and each of them, their officers, directors, partners,
7  agents, servants, employees, attorneys, confederates, and all persons acting for,
8  with, by, through or under them, and any others within their control or supervision,
9  and all others in active concert or participation with the above, be enjoined during
10 the pendency of this action and permanently thereafter from representing to anyone
11 (either orally or in writing) that their businesses are affiliated with Plaintiff in any
12 way or are approved by AAA;

13      4.     For an order requiring Defendants to deliver to Plaintiff's attorney
14 within thirty (30) days after the entry of any preliminary or permanent injunction, to
15 be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages,
16 wrappers, containers, advertising materials, stationery, and any other items in their
17 possession or control that contain the AAA marks or any other name or mark
18 incorporating Plaintiff's service marks, either alone or in combination with other
19 words and symbols;

20      5.     For an order requiring Defendants to remove from their business
21 premises and vehicles within thirty (30) days after the entry of any preliminary or
22 permanent injunction, all instances of the AAA marks, and to destroy all stencils,
23 molds, plates, masters, or means of creating the infringing items;

24      6.     For an order requiring Defendants to instruct, within thirty (30) days
25 after the entry of any preliminary or permanent injunction, any print directory,
26 Internet directory, or website that they have caused to carry the AAA marks, to
27 cease using such marks at the earliest possible date;

28      7.     For an order requiring Defendants to file with the Clerk of this Court

1  and serve Plaintiff, within thirty (30) days after the entry of any preliminary or

2  permanent injunction, a report in writing, under oath, setting forth in detail the

3  manner and form in which Defendants have complied with 1 through 6 above;

4       8.     For an award of Defendants' profits and Plaintiff's damages in an

5  amount not yet ascertained but believed to exceed $500,000;

6       9.     For an award of three times Plaintiff's damages or Defendants' profits

7  in view of the intentional and willful nature of defendants' acts, pursuant to 15

8  U.S.C. section 1117;

9       10.    For an award of punitive damages according to proof;

10       11.    For an award of reasonable attorneys' fees under 15 U.S.C.

11  section 1117;

12       12.    For an award of pre- and post-judgment interest at the highest rate

13  allowed by law;

14       13.    For an award of costs and disbursements incurred in this action; and

15       14.    For such further relief as this Court shall deem just and proper.

16

17  Dated:  August 11, 2016          RUTAN & TUCKER, LLP
                                        MICHAEL ADAMS

18                                          PROUD USAHACHAROENPORN

19                                By:    */s/ Michael Adams*

20                                          Michael D. Adams

21                                          Attorneys for Plaintiff
                                        AMERICAN AUTOMOBILE

22                                          ASSOCIATION, INC.

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

AMERICAN AUTOMOBILE ASSOCIATION, INC. hereby demands a jury trial in this action.

Dated:  August 11, 2016

RUTAN & TUCKER, LLP
MICHAEL ADAMS

By:     /s/ Michael Adams

Michael Adams
Attorneys for Plaintiff
AMERICAN AUTOMOBILE
ASSOCIATION, INC.