UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>   Plaintiff,<br><br>   vs.<br><br>SUN CITY TOWING, an entity of unknown form; PAVEL SHIBKIY, an individual; and DOES 1 through 10, Inclusive,<br><br>   Defendants. | CASE NO. 2:16-CV-01920-MCE-CKD<br><br>**ORDER GRANTING STIPULATION FOR PERMANENT INJUNCTION** |

   Pursuant to the Stipulation for Permanent Injunction entered into by and between plaintiff AMERICAN AUTOMOBILE ASSOCIATION, INC. ("Plaintiff" or "AAA"), by and through its counsel, on the one hand, and defendant SUN CITY TOWING, an entity of unknown form, and PAVEL SHIBKIY, an individual

(collectively "Defendants"), on the other hand,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from using the designation "AAA" or any other word symbol incorporating Plaintiff's service marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any emergency roadside service business and other related services at any locality in the United States;

2.  Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from using the designation "AAA" or any other name or symbol incorporating Plaintiff's service marks in any form or manner that would tend to identify or associate Defendants' businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3.  Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from referring to their businesses as "triple A approved" (either orally or in writing) in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

4.  Defendants, and each of them, their officers, directors, partners, agents,

servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from representing to anyone (either orally or in writing) that their businesses are affiliated with AAA in any way or is an AAA agent or contractor unless their businesses are approved in writing by AAA to be an AAA agent or contractor;

5.    Defendants will deliver to Plaintiff's attorney within thirty (30) days after entry of this injunction, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the infringing designation "AAA" or any other name or symbol incorporating Plaintiff's service marks, either alone or in combination with other words and symbols;

6.    Defendants will remove from their business premises and vehicles within thirty (30) days after entry of this injunction, all instances of the "AAA" designation or any other name or symbol incorporating Plaintiff's service marks, including without limitation AAA's trademarked vehicle striping, either alone or in combination with other words and symbols, and to destroy all molds, plates, masters, or means of creating the infringing items;

7.    Defendants will instruct, within thirty (30) days after the entry of this injunction, any print directory, Internet directory, or website that they have caused to carry any AAA mark, including, without limitation, any reference to the "AAA" designation or other infringing designation, to cease using such names at the earliest possible date;

8.    Defendants will provide Plaintiff's counsel, within thirty (30) days after the entry of this injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 7 above.

9.    Nothing contained herein shall be construed to prevent or prohibit

Defendants from applying to Plaintiff at a future date for approval or listing by Plaintiff pursuant to all of Plaintiff's rules, regulations, and requirements as they may exist at the time of any such future application. If Plaintiff, in its sole discretion, approves any such application for approval or listing, then this Stipulated Injunction shall be of no further force or effect.

10. Plaintiff will file a Notice of Dismissal within (5) days of Plaintiff receiving a satisfactory written report from Defendants pursuant to Paragraph 8 herein.

11. If no such satisfactory written report is received within thirty (30) days of entry of this injunction, the parties are directed to instead file a Joint Status Report.

12. The Parties have had the opportunity to consult with legal counsel of their choice and are fully informed and aware of the legal effect and consequences of this Stipulated Injunction.

13. The Court shall retain jurisdiction over this matter subsequent to the filing of the Notice of Dismissal for the purpose of enforcing this injunction.

IT IS SO ORDERED.

Dated: September 16, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE